UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

      Plaintiff,

vs.

BROOKS KUSHMAN, PC, et al
JOHN S. LeROY, and
BRIAN S. TOBIN,
In Their Individual and Official
Capacities,

      Defendants.

Civil No.
Circuit Court No.  09-104392-CZ
HON:  Lisa Gorcyca

---

GREGORY HARDY
In pro per Plaintiff
Carson City Correctional Facility
PO Box 5000
Carson City, MI 48811
Inmate No. 252393

COLLINS,  EINHORN,  FARRELL  &
ULANOFF, P.C.
BRIAN D. EINHORN (P13130)
COLLEEN H. BURKE (P63857)
Attorneys for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
Tel:  (248) 355-4141

---

## NOTICE OF REMOVAL

    In accordance with 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Brooks Kushman,

PC, John S. LeRoy and Brian S. Tobin, file their Notice of Removal of the above captioned

action to the United States District Court for the Eastern District of Michigan and in support

thereof, state as follows:

    1.    On or about October 5, 2009, Plaintiff Gregory Hardy filed a Complaint in

Michigan's Oakland County Circuit Court.  The matter was subsequently assigned Oakland

County Circuit Court case number 09-104392-CZ ("the Action").

    2.    Defendants Brooks Kushman, PC, LeRoy and Tobin were served with the

Complaint on November 17, 2009.  True and correct copies of all process, pleadings and

Orders served on Brooks Kushman, PC, LeRoy and Tobin in the Action are being filed contemporaneously with the filing of this Notice of Removal and are collectively attached hereto as *Exhibit A*. Brooks Kushman, PC, LeRoy and Tobin have not served any answers or responsive pleadings to the Complaint or made any argument before the Oakland County Circuit Court in this Action.

3.    Plaintiff Hardy filed this legal malpractice case under 42USC § 1983 and he avers that his First, Sixth and Fourteenth Amendment Rights were violated by Defendants Brooks Kushman, PC, LeRoy and Tobin.    Defendants represented Plaintiff pro bono in Plaintiff's civil rights action against a correctional officer who was employed at the prison where Plaintiff was incarcerated.  In addition to the constitutional claims, Plaintiff's Complaint also includes allegations of gross negligence.

5.    This action is a civil matter of which this Court has original jurisdiction under *28 USC § 1331,* and is one which may be removed to this Court by Defendants pursuant to 28 USC §1441(b) in that Plaintiff asserts claims under provisions afforded by the United States Constitution, thus creating a question of federal law. This Court's jurisdiction also extends to Plaintiff's state law claim of gross negligence by way supplemental jurisdiction, 28 USC §1367.

6.    This Notice of Removal by Defendants Brooks Kushman, PC, John S. LeRoy and Brian S. Tobin is being filed within thirty (30) days of Brooks Kushman, PC, John S. LeRoy and Brian S. Tobin having been served with the Complaint and therefore the Notice of Removal is timely.

7.    Removal of the Action to this Court is proper pursuant to 28 U.S.C. §1446(a) because this is the Federal District Court division embracing the State Court in which the Action was originally commenced.

8.     Concurrently with the filing of this Notice of Removal, Brooks Kushman, PC, John S. LeRoy and Brian S. Tobin are serving written notification of such removal on Plaintiff and the Clerk of the Oakland County Circuit Court.  A copy of the Notification of Removal is attached thereto as *Exhibit B*.

9.     By reason of the above, this case is removable to this Court under and by virtue of 28 USC 1441, et. seq. and Defendants are desirous of removing the matter to this Court.

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.


BY:     _s/ Brian D. Einhorn_____
        BRIAN D. EINHORN (P13130)
        COLLEEN H. BURKE (P63857)
        Attorneys for Defendants
        4000 Town Center, Ste. 909
        Southfield, MI 48075
        Tel:  (248) 355-4141
        Brian.Einhorn@ceflawyers.com

Dated:  December 11, 2009

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2009, a copy of the foregoing **NOTICE OF REMOVAL** was filed electronically.  A copy has also been sent via U.S. Mail to In Pro Per Plaintiff Gregory Hardy, Inmate No. 252393, Carson City Correctional Facility, PO Box 5000, Carson City, MI 48811.

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.


BY:   s/ Brian D. Einhorn
BRIAN D. EINHORN (P13130)
COLLEEN H. BURKE (P63857)
Attorneys for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
Tel:  (248) 355-4141
Brian.Einhorn@ceflawyers.com

LAW OFFICES COLLINS, EINHORN, FARRELL & ULANOFF, P.C.  4000 TOWN CENTER  STE 909,  SOUTHFIELD, MI 48075  (248) 355-4141

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

     Plaintiff,

vs.

BROOKS KUSHMAN, PC, et al
JOHN S. LeROY, and
BRIAN S. TOBIN,
In Their Individual and Official
Capacities,

     Defendants.

Civil No.
Circuit Court No.   09-104392-CZ
HON:    Lisa Gorcyca

---

GREGORY HARDY
In pro per Plaintiff
Carson City Correctional Facility
PO Box 5000
Carson City, MI 48811
Inmate No. 252393

COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
BRIAN D. EINHORN (P13130)
COLLEEN H. BURKE (P63857)
Attorneys for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
Tel:  (248) 355-4141

---

## NOTICE OF COMPLIANCE

    Defendants Brooks Kushman, PC, John S. LeRoy and Brian S. Tobin, through the

undersigned counsel, submit this Notice of Compliance pursuant to 28 U.S.C. §1447(b) and

attaches a certified copy of all records and proceedings from the state court *See*: Exhibit "A".

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.


BY:     s/ Brian D. Einhorn
        BRIAN D. EINHORN (P13130)
        COLLEEN H. BURKE (P63857)
        Attorneys for Defendants
        4000 Town Center, Ste. 909
        Southfield, MI 48075
        Tel:  (248) 355-4141
        Brian.Einhorn@ceflawyers.com

Dated:  December 11, 2009

-- 2 --

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

        Plaintiff,

vs.

BROOKS KUSHMAN, PC, et al
JOHN S. LeROY, and
BRIAN S. TOBIN,
In Their Individual and Official
Capacities,

        Defendants.

Civil No.
Circuit Court No.   09-104392-CZ
HON:   Lisa Gorcyca

---

GREGORY HARDY
In pro per Plaintiff
Carson City Correctional Facility
PO Box 5000
Carson City, MI 48811
Inmate No. 252393

COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
BRIAN D. EINHORN (P13130)
COLLEEN H. BURKE (P63857)
Attorneys for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
Tel: (248) 355-4141

---

## VERIFICATION OF COUNSEL

Undersigned counsel for Defendants and Petitioners for removal herein, Brooks Kushman,

PC, John S. LeRoy and Brian S. Tobin, hereby certifies that the information contained in the

Petition for Removal is correct to the best of counsel's information, knowledge and belief.

Further, undersigned counsel has caused to be served on in pro per Plaintiff Gregory Hardy,

and the Clerk of Court for the Oakland County Circuit Court, County of Oakland, State of

Michigan, all removal pleadings and the pleadings in the state court action filed by Gregory Hardy

that is the subject of this removal.

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.

BY:      __s/ Brian D. Einhorn_____
            BRIAN D. EINHORN (P13130)
            COLLEEN H. BURKE (P63857)
            Attorneys for Defendants
            4000 Town Center, Ste. 909
            Southfield, MI 48075
            Tel: (248) 355-4141
            Brian.Einhorn@ceflawyers.com

Dated: December 11, 2009

Approved, SCAO | 1st Copy - Defendant | 3rd Copy - Return

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | C OAKLAND COUNTY  09-104392-CZ |

**Court address** 6th Judicial Circuit Court
1200 N. Telegraph Rd -- Pontiac, MI 48341

JUDGE LISA GORCYCA
HARDY,GREGORY  v  BROOKS KUSH

**Plaintiff's name(s), address(es), and telephone no(s).**

Gregory Hardy [252393]
Carson City Correctional Facility
P.O. Box 5000
Carson City, Michigan 48811

v

**Defendant's name(s), address(es), and telephone no(s).**

Brooks Kushman P.C. et al
John S.LeRoy[P61964],
Brian S.Tobin[P67621],
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238 USA
Tel: (248) 358-4400

**Plaintiff's attorney, bar no., address, and telephone no.**

Pro per

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued OCT 0 5 2009 | This summons expires JAN 0 4 2010 | Court clerk RUTH JOHNSON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**  N/A

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in USDC-ED case 02-cv-40255 _____ Court.

The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge Steven J. Murphy, III | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>P.O.Box 5000 -- Carson City, MI 48811 | Defendant(s) residence (include city, township, or village) 48075<br>1000 Town Center, 22nd Flr. Southfield, MI |
|---|---|

Place where action arose or business conducted

| Date 8/19/09 | Signature of attorney/plaintiff *[signature]* |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**EXHIBIT**

A

OAKLAND COUNTY **09-104392-CZ**

JUDGE LISA GORCYCA

| | | |
|---|---|---|
| **PROOF OF SERVICE** | SUM... Case N... | HARDY, GREGORY   v   BROOKS KUSHM... |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days ... of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with  Ex. D., Ex.91., Ex.93., EX.94., Ex.95., Ex.96., Ex.97., Ex.98. and Ex. 99.
List all documents served with the Summons and Complaint

.......................................................................... on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Brooks Kushman PC | -- -- -- -- -- -- | |
| John S. LeRoy | -- -- -- -- -- -- | -- |
| Brian S. Tobin | 1000 Town Center, 22nd Floor -- Southfield, Michigan 48075-1238 USA | 11/17/09 10:00am |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature

Name (type or print)

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____

Signature

LII.18/86/89 08:25:32.46185



OAKLAND COUNTY   09-104392-CZ

JUDGE LISA GORCYCA

HARDY GREGORY  v  BROOKS KUSH

## STATE OF MICHIGAN
### IN THE 6TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF OAKLAND

Gregory Hardy,
Plaintiff,

Case No: 09-        -CZ
Hon.

Vs.

Brooks Kushman PC, et al
John S.LeRoy, and
Brian S.Tobin,
In Their Individual and Official
Capacities
Defendant's.

_____/

Gregory Hardy [252393]
In Pro per/Plaintiff
Carson City Corr.Facility
P.O. Box 5000
Carson City, Michigan 48811

Brooks Kushman PC,
John S.LeRoy[P61964],
Brian S.Tobin[P67621],
Defendant's.
1000 Town Center,22nd Floor
Southfield, Michigan 48075-1238 USA

RECEIVED FOR FILING
OAKLAND COUNTY CLERK
2009 OCT -5  PM 4: 08

_____

## PLAINTIFF HARDY'S 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT


Now comes, Plaintiff Gregory Hardy, In Pro per and in the above and entitled case,
moves this Honorable Court, pursuant to 42 U.S.C. § 1983 with a Civil Rights Complaint
for the following violation(s) of the deprivation(s) against his First, Sixth, and
Fourteenth Amendment Constitutional rights under the abridgement of privileges of the
Michigan and U.S. Constitution challenging the Ineffective Assistance of Counsel, Access
to the Courts -- Freedom of Speech or Expression, Equal Protection - Due Process, Fraud
and Gross Negligence, acting under color of state law, and state with particularity of
the following grounds sought thereof;

LII.10/06/09.08:25:32.46186

BRIEF IN SUPPORT
STATEMENT OF FACTS
LAW AND ARGUMENT:

A. FACTUAL ALLEGATIONS AND
   PROCEDURAL BACKGROUND:

1). The Plaintiff Gregory Hardy is a state prisoner incarcerated at the Carson City Correctional Facility, located at P.O. Box 5000 -- Carson City, Michigan 48811.

2). The Defendant's Brooks Kushman PC, Attorney John S.LeRoy [P61964], and Attorney Brian S.Tobin [P67621] are employed at all relevant times hereof under the guise authority of the Law Offices of Brooks Kushman PC, located at 1000 Town Center, Twenty-Second Floor -- Southfield, Michigan 48075-1238 USA.

a). The Plaintiff Gregory Hardy gives a mandatory disclosure of all court action(s) Civil and Appeals, he has previously filed or pending, number (6) U.S. Court of Appeals, (3) Michigan Court of Appeals, (5) Civil Action(s) -- Federal Court, (3) Civil Action(s) -- State Court, and (8) State Court Action(s) -- Judicial Review.

b). The court retains jurisdiction of this 42 U.S.C. § 1983 Civil Rights Complaint under MCL 600.5501 and [("The amount in controversy exceeds $25,000.00.")] governed under MCR § 2.111(B)(2).

3). The Defendant's Brooks Kushman PC, John S.LeRoy, and Brian S.Tobin are all being sued in their Individual and Official Capacities for which they conducted themselves in violation of the Plaintiff Gregory Hardy's First, Sixth, and Fourteenth Amendment Constitutional rights.

---

STANDARD OF REVIEW:

Title 42 U.S.C. § 1983 creates a private cause of action for violation of Federal Constitutional rights perpetrated by any person acting under color of state law.

1

LI1.18/86/23.88:25:32.46197

B. STATEMENT OF FACTS:

I.

On May 12,2008 the Plaintiff Gregory Hardy addressed a letter to the Defendant John S.LeRoy [P61964] of Brooks Kushman PC in regards to an alleged document of a Creation of Housing/Segregation Unit Log whom defendant pretended they were made to believe were the Department's "MDOC" Record Retention and Disposal Schedules Policy Directive 04.04.100 by the prior defendant of record through their attorney Kevin Himebaugh for an assault claim against an MDOC employee in order to determine if evidence were deliberately destroyed. (Ex. 91 Gregory Hardy letter.).

On May 19,2008 the Defendant Brian S.Tobin [P67621] deposed the MDOC employees Norma R.Killough and Regina Bynum in his attempt to learn of relevant discoverable materials. Ms Bynum testified that she was responsible for "maintaining with regards to document retention" the unit log books and the manning sheets at issue in the USDC-ED case 02-cv-40255. (Ex. D. Bynum Dep.Trans. p.24-25.). Plaintiff Hardy received a copy of each deposition transcript on or about June 9,2008 the following month from the defendant's. (Ex. 93.).

On September 22,2008 Plaintiff Hardy dictated another letter to the Defendant John S.LeRoy with a request for a copy of the MDOC Retention Schedules/Destruction Policy Directive 04.04.100 that the MDOC withness Regina Bynum testified to under oath giving a description of what retention schedules were. (Ex. D. Bynum Dep.Trans. p.7, line 4-7.), as being books and policies. She further describes these books and policies. (Ex. D. Bynum Dep.Trans. p.8, line 22-23.),(p.9, line 1-18.). Even as (Ex. D. Bynum Dep.Trans. p.10, line 15-25.). She described her action(s) being Per policy and a book in which she still has in her possession and (Ex. D. Bynum Dep.Trans. p18, line 16-25.), she spoke about paperwork that she still has which would show dates of destruction. (Ex. D Bynum Dep.Trans. p.19, line 1.).

2

L I I . 10/86/89. 88 : 25 : 32 . 46188

Apparently, the prior defendant's attorney sent a false and misleading document on or about March 25,2008 to Brook Kushman PC attorney's of evidence which consisted of a one page document of a Creation Agency Retention Schedule produced October 3,2006 in opposition of materials that were sought by the Defendant's LeRoy or Tobin for 1999 who should have known that the document in questioned was useless. (Ex. 91. Creation Agency Retention.).

The MDOC witness Norma R.Killough were deposed on the same date May 19,2008 by the Defendant Brian S.Tobin where the Attorney General for defendants agreed to produce the documents in questioned. (Ex. 93. Killough Dep.Trans. p.17, line 2-25.).

Plaintiff Hardy contacted Defendant LeRoy after he examined the deposition transcript of both Regina Bynum and Norma Killough on September 23,2008 prior to forwarding another letter informing Defendant LeRoy once again that the document received from the attorney general office on March 25,2008 was in fact a false document and directed him to try and obtain the right necessary documents of the Department's Retention Schedules/Destruction Policy Directive 04.04.100 as revealed within the transcripts and as both defendant's examined, prior to deposing the witness(es).

However, it wasn't until November 18,2008 the Defendant's finally filed an "Emergency Motion To Compel". (Ex. 94 Emer.Motion to Compel.), (6) months later after the deposition examination after the close of discovery July 14,2006. (Ex. 95. Scheduling Order.). The district court issued its order granting in part plaintiff's emergency motion to compel. (Dkt.186.),(Ex. 96. p.3 Order Granting In Part.), the court ordered defense counsel for defendant in this case to inquire if there are any documents related to the above questions, and whether there is any additional MDOC document retention policy or directive in addition to the schedule of retention defense counsel has provided plaintiff's counsel.

3

LII.10/06/89 08:25:32 46109

The documents in questioned "the Department's Retention Schedules and Disposal Policy Directive 04.04.100 were never received and the Defendant's Brooks Kushman PC attorney's LeRoy and Tobin never enforced the court's order or the prior defendant's refusal to disclose these documents. There was no attempt by both defendant's in obtaining the MDOC materials which were vital to the pending sue.

----------

II.

The Defendant's Brooks Kushman PC attorney's John S.LeRoy and Brian S.Tobin made Plaintiff Hardy aware that his key witness James Mathieu affidavit and written deposition may not be accepted by the court prior to trial, but no challenge toward this issue were made until after trial.

III.

On the second day of trial January 21,2009 the Defendant's Brooks Kushman PC attorney's LeRoy and Tobin again failed adequately to "examine" evidence submitted by the defense counsel, "the attorney general" , evidence that would be construed as false and misleading disclosure who became aware of the medical record in which were added into the record during trial proceedings. (Ex. 97. Trial Transcrp. docket no.211,p.129-30.), that were never challenged until after trial when Plaintiff Hardy forced the issue. (Ex. 97. Medical Record James Hardy 143137.), where, here, this document was submitted as evidence. The plaintiff was never given an opportunity to review this evidence because Defendant LeRoy alleged he had only one copy of these excerts in which he utilized during trial.

IV.

It was also determined during trial in regards to four unexplained witnesses "Juli Haischer, D.Jamrog, Randy Either and Henry Grayson (Ex. 98 Subpoenas in a Civil Case.), who never appeared, and Defendant's LeRoy and Tobin never gave understanding or challenge too.

4

LII.18/86/89.88:25:32.46118

**V.**

The Defendant's John S.LeRoy and Brian S.Tobin failed to properly challenge sanctions in being applied in regards to Spoilation of Evidence.

**VI.**

During trial both Defendant's LeRoy and Tobin became aware of a wandering jurist and never made mention of this to the court until after the case had been dismissed, and failed adequately to preserve any other issues pertinent to the pending case at bar.

---

It is believed that both Defendant's LeRoy and Tobin deliberately sabotaged the plaintiff's case in retaliation after numerous threats were made in regards to their termination of appointment after defendant's retained the deposition transcripts for (6) months and alleged they had never revealed what exactly were the Department's Retention Schedules and Disposal Policy Directive 04.04.100. "On the contrary", Defendant Tobin is the one who deposed MDOC witness "Regina Bynum" on May 19,2008. (Ex. D. Bynum Dep.Trans.).

\*        \*        \*        \*        \*

It is undisputed that the existence of an attorney-client relationship between the following defendant's Brooks Kushman PC, John S.LeRoy and Brian S.Tobin and plaintiff existed, that a duty were owed which created negligence in the legal representations of the plaintiff, that the negligence was the proximate cause of the injury to plaintiff, and that the plaintiff has suffered a actual injury from the negligence, alone with a loss in damages of a $250,000.00 case in being dismissed because of the fraud. (Ex. 99. Order of Assignment & Appearance.).

\*        \*        \*        \*        \*

5

LII.10/86/89.88:25:32.46111

The inaction(s) of the Defendant's Brooks Kushman PC and Attorney's John S.LeRoy and Brian S.Tobin began May 12,2008 is when both counsel became idle in their inattentions to properly "examine" the deposition transcripts of the MDOC witness "Regina Bynum" that would later prove as a permanent delay in obtaining discovery materials which were vital, were never retrieved, that such lack of interest in obtaining these documents (6) months after the deposition examination allowed Plaintiff Hardy to questioned the integrity of both defendant's representation in regards to other related ineffectiveness of the failure to challenge sanctions for spoilation of evidence, four unexplained witnesses who never showed for trial, the key witness James Mathieu's testimony that should have been challenged before trial, a wandering jurist during trial in which was never challenged until after the case had been dismissed, and the false and misleading disclosure of the medical record "James Hardy" added into evidence during trial that defendant's should have identified caused an unsecured trial verdict in the case that was a direct violation of the plaintiff's First, Sixth and Fourteenth Amendment Constitutional rights ended in the results of a tainted jury, despite the great weight of the evidence presented.

Plaintiff Hardy contends that the Defendant's Brooks Kushman PC, John S.LeRoy and Brian S.Tobin's action(s) constituted fraud upon the court, because defendant's misrepresented themselves as specialist in a particular field of law when they knew or should have known that its expertise of handling matters in a § 1983 Civil Rights Complaint for assault against "Prison Official's" were not certified, action(s) which were only an attempt to "Fake it, until they make it" to subvert their integrity towards the plaintiff, the court and the jury of fraud by officer's of the court through their certified expertise of Intellectual Property, Patent and Copyright Law practices.

6

LII.18/06/89.88:25:32.46112

## C. STATEMENT OF CLAIMS

### FIRST AMENDMENT:

1). Because of the inaction(s) complained of the plaintiff has suffered and asserts a "actual injury" from the act(s) of fraud and negligence from each of the defendant's which were a direct violation of the plaintiff's First Amendment Constitutional Protected rights of his access to the courts in his case, and a deprivation against those rights to what now appears as a retaliatory accusation chilling effect on his First Amendment rights .... any failure to demonstrate a more substantial injury does not nullify him claims. See Dixon V. Brown, 38 F.3d 379, 379 ( 8th Cir.1994 ). A clearly established statutory and Federal Constitutional right in which a reasonable person would have known.

---

Plaintiff Hardy was engaged in the protected conduct of his pending civil case "exercising a freedom of speech or expression of his public interest which defendant's took an adverse action to deliberately deny his access through its Ineffectiveness, failure to examine evidence, failure to challenge testimony of the key witness "James Mathieu", failure to review trial evidence which allowed false and misleading disclosure into the record during trial, four unexplained witnesses who never appeared for trial after subpoenas were issued, failure to enforce sanctions for spoilation of evidence, failure to report to the court of the wandering jurist prior to deliberation, and fraud based on false advertisement of an uncertain certification of practice, and the deprivation against those rights would deter a person of the ordinary firmness from continuing to engage in that conduct in seeking redress of his Eighth Amendment claim which was protected and the adverse action(s) was motivated after plaintiff complained and threats of termination of their appointment prior to trial, at least, in part, by the protected conduct where plaintiff suffered through the deliberate intent of the defendant's adverse action to sabotage his case which continues through a chronology of events against him of a disparate treatment of similarly situated individuals with action that differed as for other's, private, or otherwise.

7

LII.18/86/89.88:25:32.45113

This would prove plaintiff's claims, as long as, the injury is "distinct and palpable" rather than abstract, conjectual, or hypothetical, it is sufficient to confer standing. Id.

If these injuries were inflicted in retaliation for constitutionally protected conduct "as here", they are traceable to the unlawful conduct of the defendant's and a damages remedy under § 1983 would offer redress. See Hines V. Gomez, 108 F.3d 265, 269 ( 9th Cir.1997 ) , ( quoting Thaddeus-X V. Blatter, 175 F.3d 378 ( 6th Cir. 1999 ).

---

Thus, plaintiff has established a violation of the actual injury by demonstration of the shortcomings of the Law Offices of Brooks Kushman PC, John S.LeRoy, and Brian S.Tobin whose failures hindered plaintiff's ability, prior, during, and after trial would presently hinder his ability in his efforts to be successful in the now dismissed case. See Bound V. Smith, 430 US 817, 97 S.Ct. 1491 ( 1977 ).

---

To impede the plaintiff's access in his Federal Civil case 02-cv-40255 which resulted in dismissal would create an actual injury. Plaintiff Hardy had a constitutional right of his freedom of speech or expression in the public interest of justice in his case and to deny access through ineffectiveness of access that should have been adequate, effective, and meaningful. Bounds, supra at 97 S.Ct. 1495. Each of the defendant's involved "action(s) were considered a serious interference" with the plaintiff's access to a degree where his complaint was dismissed for failure to satisfy the technical requirements of court rules, which, because of their deficiencies the defendant's negligence or simply fraud would deny plaintiff a constitutional right to access in his case.

8

LII.18/86/89.98:25:32.45114

2). Plaintiff Hardy, believes that Defendant's owed a duty to him in which was breached due to the following;

a). The Defendant's Brooks Kushman PC, John S.LeRoy, and Brian S.Tobin had a duty to refrain from handling the underlying case if it was beyond their competence.

\*          \*          \*          \*          \*

b). defendant's failed to act as reasonably prudent attorney's would in the handling, investigation, review, maintenance, and prosecution of the matter for which defendant were appointed;and in particular to formulate a legal theory or plan of the case consistent with the facts and prevailing law(s).

\*          \*          \*          \*          \*

c). defendant's failed to observe the requirements of the law relative to their practices, advertisement, certification, investigation, review, maintenance, and filing's of other legal pleading's necessary for other claims and supporting documents in cases based on the laws governing assault claims against "Prison Official's" in § 1983 Civil Rights action(s).

\*          \*          \*          \*          \*

d). defendant's failed to be honest and truthful with the plaintiff and in particular to inform him of the important developments in the case of the discoverable materials not obtained, as well as, other options for its other failures for further development in the action.

9

LII.10/06/09.08:25:32.46115

3). As a result of these alleged breaches, Plaintiff Hardy claims he was denied any recovery of damages in the prior pending sue USDC-ED case 02-cv-40255.

---

Here, "Gross Negligence" is claimed because of the following:

(1) the defendant's owed a duty to plaintiff, (2) that the defendant's breached its duty, (3) that the defendant's breach was the proximate cause of the plaintiff's damages:and (4) that the plaintiff suffered damages. A legally recognized obligation to conform to a particular standard of conduct toward another. See Farwell V. Keaton, 396 Mich. 281, 286; 240 NW2d 217 ( 1976 ). A legal duty essentially a question whether the relationship between defendant's and the injured plaintiff gives rise to any legal obligation. See Butrick V. Snyder, 236 Mich. 300, 306; 210 NW2d 311, that plaintiff would also suffer mental and emotional distress of his 10 year old civil rights case caused by the denial of his constitutional rights, that in itself is compensable under the act.

---

D. SIXTH AMENDMENT:

4). On July 9,2009 prior to an overall review of the entire record(s) before, during, and after trial, and prior to defendant's becoming argumentative on occassion, plaintiff technically determined that the Defendant's the Law Offices of Brooks Kushman PC, John S.LeRoy, and Brian S.Tobin were all ineffective, because they operated out of personal gain byway of misrepresentations in their ability of expertise, study, or practice substantially mitigated their appearance of the ethical impropriety through its negligence and fraud against the "protective boundaries" of both the attorney-client relationship and the professional attorney ethical standards affected plaintiff in a collateral way.

10

LII.10/06/89.08:25:32.46116

5). The defendant's caused a deficiency that would prejudice plaintiff, and that the representations "fell below an objective standard of reasonableness of a probability that, but for defendant's unprofessional errors, the results of the civil trial proceedings would have been different. The defendant's performance in this case was so defective that they were not functioning as counsel, "which is guaranteed .... by the Sixth Amendment, because they lacked in the area or expertise of prison litigation 'who specialized in Intellectual Property, Patent and Copyright Law "misrepresented plaintiff's case completely. See Burkett V. City of EL Paso, 513 F.Supp.2d 800 ( W.D.Tex.2007.).

---

E. FOURTEENTH AMENDMENT:

6). Plaintiff Hardy, also complains that his Equal Protected rights were violated when each of the defendant's denied him access through their ineffectiveness, fraud and negligence in his civil case, his freedom of speech or expression of his public concern and the interest of justice. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws, "which is essentially a direction that all person similarly situated should be treated alike. See U.S. Const.,amend. XIV:City of Cleburne V. Cleburne Living Center, Inc.,473 US 432, 439 ( 1989 ). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or origin, or invades a "fundamental right" such as speech the rigorous "strict scrutiny" standard governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest. See City of Cleburne, 473 US at 440.

11

LII.10/06/09.00:25:32.46117

Plaintiff has established that he has been treated differently from any other class of people in a way that would violate his First Amendment rights, he was subjected to an adverse action by defendant's, in which he was qualified for by those same rights of his freedom of speech or expression in a public interest and access in his civil case which would deter him of the ordinary firmness "from the rights in questioned, and for the same or similar conduct he was treated differently from other similarly situated people, private or otherwise. See Perkins V. University of Mich.,934 F.Supp. 857, 861 ) (E.D.Mich.1996.);Also See Mitchell V. Toledo Hosp.,964 F.2d 577, 582 ( 6th Cir.1992.). Plaintiff's freedom of speech through his now dismissed civil rights case, or expression of public interest, and his access was a motivating factor not necessarily the sole factor which triggered the retaliatory conduct of all defendant's involved is the only requirement in order to succeed in his claim(s). See Gutzwiller, 860 F.2d at 1328.

---

7). Plaintiff was deprived of a right secured by the constitution or laws of the United States and that the deprivation was caused by each of the defendant's acting under color of state law. Plaintiff contends, that he was deprived of his First Amendment right to freedom of speech or expression in several ways:

(1) he suffered retaliatory acts of defendant's when they denied access through their ineffectiveness,

(2) through their failure to properly examine the deposition transcripts,

(3) maintenance of the case,

(4) their practices,

(5) false advertisement,

(6) failure to challenge or object too, and

(7) negligence of their duty.

12

LI1.18/06/89.98:25:32.46118

The Supreme Court has long held that communicative action to a civil case, or rather through its access is protected by the First Amendment. See Tinker V. Des Mioines Indep. Community Sch.,Dist.,393 US 503, 505-506, 89 S.Ct. 733, 21 L.Ed.2d 731 ( 1969 );Also See Lewis V. Casey, 518 US 343, 249 ( 1996 ).

8). Plaintiff's speech involved a matter of public concern, the interest of the defendant's "as attorney's" who may comment upon matters of what can be construed as "public concern" outweights the defendant's interest in promoting the efficiency of the public services plaintiff sought, or what defendant's performed through its practices. See Pickering V. Board of Education, 391 US 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 ( 1968 ), and the speech was a substantial and motivating factor in the denial of the benefit that was sought. See Healthy City Sch.Dist. Bd. of Educ. V. Doyle, 429 US 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 ( 1977 ).

A denial of access where the benefit of speech or expression is involved and the redress which involved other claims sought as a matter of right is a matter of public concern. See Perry, 209 F.3d supra at 609, this to would create a substantial due process claim under the Fourteenth Amendment, because plaintiff complains that a "fundamental right" is at issue. See Sutton V. Conmick V. Meyers, 461 US 139, 103 S.Ct. 1684 ( 1983 ).

13

LII.10/06/89.08:25:32.46119

Furthermore, the action(s) taken by each defendant, it involved an unconscionable plan or scheme which they designed to improperly influence both the court and plaintiff in its decisions. See Abatti V. Commissioner, 859 F.2d 115, 118 ( 9th Cir.1988 ),( internal quotation omitted.). Although confusing, "it is believed, here, that Brooks Kushman PC, John S.LeRoy, and Brian S.Tobin were all under a deception which were imposed in opposition by its specified designation -- for "Registered Commercial Law, Intellectual Property Law, Patent Law, or simply Copyright Law attorney's as advertised on their letterhead. This would create a form of deception that could be construed as misleading in its practices, especially when the underlying allegations involved their ineffectiveness towards a 42 U.S.C. § 1983 Civil Rights Complaint against "Prison Official's" differed distinctly from its intended practices. See Peel V. Attorney Reg. & Disciplinary Com'n, 496 US 91, 110 L.Ed.2d 83; 110 S.Ct. 2281 ( 1990 ). In Peel, "disciplinary proceedings were brought against attorney for violation of Rule prohibiting attorney from holding himself out as specialist other than in field of admiralty, trademark and patent law. Holding himself out as a "certified legal specialist" in violation of Rule 2-105(a)(3) of the Illinois Code of Professional Responsibility.

F. RELIEF:

Wherefore, the Plaintiff Gregory Hardy respectfully request and prays for the following relief;

That the Defendant's Brooks Kushman PC, John S.LeRoy, and Brian S.Tobin all be sued in their Individual and Official Capacities for a violation of the Plaintiff Hardy's First, Sixth, and Fourteenth Amendment Constitutional rights that he seek relief in the amount of $250,500.00 Two Hundred Fifty Thousand and Five Hundred Dollars in Compensatory, Punitive, and Declaratory relief of Damages be awarded and a demand for jury trial, grant such other relief as this court deems just and proper in this matter, and as this court determines.

Respectfully Submited By:

Gregory Hardy [252393]                          14

Clerk of The Court
6th Judicial Circuit Court
Oakland County Circuit Court
1200 N. Telegraph Road, Dept.404
Pontiac, Michigan 48341-0404



Re: Gregory Hardy Vs. Brooks Kushman P.C. et al
    Case No: 09-104392-CZ
    Hon. Lisa Gorcyca

Dear Clerk:

    Enclosed for the filing, herewith, please find the Plaintiff Gregory Hardy's Civil
Rights Complaint, with Brief In Support, Statement of Facts, Law and Argument, Affidavit,
and Certification of Service to this Honorable Court. Once this court accepts this
pleading for filing, please return the extra copy, alone with the summons and complaint
completed by the clerk, signed and stamped, so that I may served the Defendant's of
record.
Thank you for your time and cooperation in this matter.
Very Truly Yours;

Gregory Hardy 254393
In Proper Plaintiff
Carson City Corr.Facility
10522 Boyer Road
Carson City, Michigan 48811

                              **–AFFIDAVIT–**

I Plaintiff Gregory Hardy swear and declare under oath of penalties and perjury that all
of the above aforementioned statements are true and correct to the best of my information,
knowledge and belief;
Affiant Saith Nothing Further
Dated: August 19,2009:

                           **–CERTIFICATION–**

I Plaintiff Gregory Hardy hereby certify that I have arranged for the service of filing
two copies of his civil rights complant to this Honorable Court on this 19th day of
August, 2009:


cc /File GH     Hitec
     6th Judicial Circuit Court

LII.10/09/89.09:59:12.74653

| STATE OF MICHIGAN<br><br>SIXTH CIRCUIT<br>COURT | ORDER REGARDING MOTION TO<br>EXCUSE PARTY FROM MANDATOR<br>EFILING PILOT | OAKLAND COUNTY 09-104392-CZ<br><br>JUDGE LISA GORCYCA<br>HARDY,GREGORY v BROOKS KUSHM/ |
| --- | --- | --- |

| Plaintiff's name<br><br>Gregory Hardy | v | Defendant's name<br><br>Brooks Kushman |
| --- | --- | --- |
| Plaintiff's attorney, bar no. address, and telephone no.<br><br>Gregory Hardy | | Defendant's name, bar no. address, and telephone no.<br><br>John S. Lercy P61964 |

## ORDER

This order is entered ☒ without a hearing ☐ with a hearing.

The Court finds

    ☒ good cause exists to excuse the petitioner from the mandatory efiling pilot.

    ☐ good cause does not exist to excuse the petitioner from the mandatory efiling pilot.

_____

_____

_____

IT IS ORDERED that   Gregory Hardy   is

    ☒ excused from the mandatory efiling project. Petitioner shall file all future documents in this action and be served with all future documents in the traditional manner.

    ☐ not excused from the mandatory efiling project. Petitioner shall electronically file all future documents in accordance with Administrative Order 2007-3 until further order of this Court.

10/7/09
Date

Lisa Gorcyca
Judge

**Lisa Gorcyca**

RECEIVED FOR FILING
OAKLAND COUNTY CLERK
2009 OCT -8 PH 12: 22
BY: _____
DEPUTY COUNTY CLERK

STATE OF MICHIGAN

IN THE 6TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF OAKLAND

Gregory Hardy,

      Plaintiff

vs.

Brooks, Kushman PC, et al
John S. LeRoy, and
Brian S. Tobin,
In Their Individual and Official
Capacities,

      Defendants.

Case No.:    09-104392-CZ
Hon. Lisa Gorcyca

---

GREGORY HARDY
In pro per Plaintiff
Carson City Correctional Facility
PO Box 5000
Carson City, MI 48811
Inmate No. 252393

COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
BRIAN D. EINHORN (P13130)
COLLEEN H. BURKE (P63857)
Attorneys for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
Tel:  (248) 355-4141

---

### NOTICE OF FILING NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that on December 11, 2009 Defendants Brooks Kushman, PC, John S. LeRoy and Brian S. Tobin, filed their Notice of Removal and removed this action from this Court to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C §§1331 and 1441(b), a true and correct copy of which is attached hereto as Exhibit "A."

    PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a



EXHIBIT
B

copy of such Notice with this Court, effects the removal of this action and this court may proceed no further unless and until the case is remanded.

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.

BY: _____

BRIAN D. EINHORN (P13130)
COLLEEN H. BURKE (P63857)
Attorneys for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
Tel: (248) 355-4141

Dated:  December 11, 2009

## CERTIFICATE OF SERVICE

This is to certify that on December 11, 2009, I served a copy of our Notice of Removal of Action upon in pro per Plaintiff Gregory Hardy, Inmate No. 252393, Carson City Correctional Facility, PO Box 5000, Carson City, MI 48811, via first class mail with postage prepaid thereon. I declare that the above statement is true to the best of my information, knowledge and belief.

_____
Beverly Milhem

- 2 -