**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GREGORY HARDY,

               Plaintiff,                    Case Number: 09-14825

v.                                              STEPHEN J. MURPHY, III
                                                    UNITED STATES DISTRICT COURT

BROOKS KUSHMAN, PC, JOHN S. LEROY,
and BRIAN TOBIN, in their individual and          VIRGINIA M. MORGAN
official capacities,                                     UNITED STATES MAGISTRATE JUDGE

               Defendants.

_____ /

**REPORT AND RECOMMENDATION:
1) DENYING PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' NOTICE
OF REMOVAL (DOC. NO. 5); 2) DENYING PLAINTIFF'S MOTION TO AMEND
(DOC. NO. 6); 3) GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR
SUMMARY JUDGMENT (DOC. NO. 17); AND 4) DENYING PLAINTIFF'S MOTION
TO COMPEL (DOC. NO. 19)**

This lawsuit arises out of Defendants Brooks Kushman, PC, John S. LeRoy and Brian Tobin's *pro bono* (collectively "defendants") representation of Plaintiff Gregory Hardy ("plaintiff") in a civil rights lawsuit plaintiff brought against a prison guard plaintiff alleged assaulted him. In the instant case, plaintiff alleges that defendants' representation was deficient and, therefore, violated his constitutional rights under the First, Sixth, and Fourteenth Amendments. Plaintiff also alleges that defendants committed fraud and gross negligence during their representation of him. Presently before the court are four motions: 1) plaintiff's motion in opposition to defendants' notice of removal; 2) plaintiff's motion to amend; 3) defendants' motion to dismiss and/or for summary judgment; and 4) plaintiff's motion to compel. For the reasons discussed below, the court **DENIES**

1

plaintiff's motion in opposition to defendants' notice of removal, plaintiff's motion to amend, and plaintiff's motion to compel and **GRANTS** defendants' motion to dismiss and/or for summary judgment.

**I. Background**

On October 4, 2002, plaintiff filed a *pro se* civil rights complaint against correctional officer Robert Vieta and Warden Henry N. Grayson,[1] alleging that Vieta assaulted plaintiff by closing a steel door on him resulting in injuries to his arm and lower back. Plaintiff further alleged that Vieta wrote him a "bogus major misconduct ticket" in retaliation for plaintiff filing administrative grievances against Vieta.

On November 4, 2004, the district court adopted Magistrate Judge Pepe's report and recommendation dismissing plaintiff's complaint on the grounds that plaintiff had not stated a claim upon which relief could be granted because plaintiff had not presented evidence that he suffered a serious injury as a result of Vieta's actions and plaintiff had not shown that his misconduct tickets were linked to his complaints about Vieta's conduct. The Sixth Circuit reversed and remanded the case on April 4, 2006, for further proceedings.

After conducting discovery, the parties filed cross-motions for summary judgment, both of which Magistrate Judge Pepe recommended be denied on October 31, 2006. Magistrate Judge Pepe also granted plaintiff's motion for counsel on December 6, 2006, while the parties objections to the report and recommendation were pending; John LeRoy and Brian S. Tobin, of Brooks Kushman, were later appointed as plaintiff's counsel. On February 7, 2007, the district court adopted the report

---

[1] The district court dismissed Grayson as a party-defendant on May 2, 2003, based on plaintiff's statement that he had not intended to sue Grayson.

and recommendation denying the parties' motions for summary judgment.

The trial was set for January 20, 2009, before the Honorable Stephen J. Murphy, III.

Two months prior to trial, plaintiff's counsel filed an emergency motion to compel, which sought the production of the unit log books and manning sheets to be used to confirm Vieta's whereabouts on the day in question. The relevant unit log books and manning sheets were destroyed pursuant to the Michigan Department of Corrections' document destruction policy. Therefore, Magistrate Judge Pepe ordered Vieta to "inquire, identify and contact" the litigation coordinator employed by the prison at the time the lawsuit commended to find out whether a litigation hold was ever placed on the documents and if the documents were destroyed in violation of the hold. According to the litigation coordinator, no litigation hold was ever placed on the documents and the documents were destroyed in the normal course of business. Plaintiff, thereafter, moved for a spoilation jury instruction, and Judge Murphy granted his motion during a pretrial conference.

The jury trial commenced on January 20, 2010, and lasted two days. The jury returned a verdict in favor of Vieta.

On February 19, 2009, plaintiff, still represented by defendants, filed a motion for a new trial. Plaintiff advanced five different arguments for a new trial: 1) Vieta's attorney improperly asked plaintiff if he had a drug problem before prison; 2) the exclusion of one of two statements from eyewitness James Mathieu; 3) a juror allegedly communicated with her mother about the case during trial; 4) the inadvertent admission of a medical record that was not plaintiff's; 5) the verdict was not supported by the great weight of the evidence.

Before Judge Murphy issued an opinion on plaintiff's motion for a new trial, plaintiff asked to be assigned new counsel. In his motion for new counsel, plaintiff accused LeRoy and Tobin of

being ineffective, incompetent, argumentative, and causing delay. Judge Murphy did not rule on plaintiff's motion for new counsel before he issued his opinion and order on plaintiff's motion for a new trial.

On July 29, 2009, Judge Murphy issued an opinion and order denying plaintiff's motion for a new trial. *Hardy v. Vieta*, 2009 WL 2365555, No. 02-40255 (E.D. Mich. July 29, 2009). Judge Murphy concluded that Vieta's counsel's question regarding plaintiff's prior drug use was not prejudicial because plaintiff's counsel objected immediately after the question was asked and the objection was sustained. *Id.* at *1. The court also instructed the jury that the lawyers questions and statements were not evidence. *Id.* at *1. Judge Murphy also found that the exclusion of Mathieu's response to written questions served on him by plaintiff in a different lawsuit was proper because the deposition was not taken in compliance with the law and Vieta did not have the opportunity to cross-examine Mathieu on the questions posed by plaintiff. *Id.* at *2. Further, Judge Murphy refused to grant plaintiff a new trial on the ground that a juror spoke to her mother about the case because there was no evidence that the juror actually talked to her mother about the case. *Id.* at *2. Judge Murphy also did not find merit in plaintiff's position that the mistaken admission of another prisoner's medical records had unduly prejudiced plaintiff because plaintiff's counsel identified the mistake and took effort to insure that the jury was not misinformed. *Id.* at *3. Lastly, Judge Murphy concluded that the jury verdict was not against the great weight of the evidence. *Id.* at *4.

Plaintiff has appealed Judge Murphy's order denying him a new trial to the Sixth Circuit Court of Appeals, where his appeal is still pending.

On October 5, 2009, plaintiff filed the instant complaint in Oakland County Circuit Court. (Doc. No. 1, Ex. A, Compl.). Defendants were served on November 17, 2009, and subsequently

4

removed the case to this court. (Doc. No. 1, Notice of Removal). On January 5, 2010, Judge Murphy referred the case to this court for all pretrial proceedings, including a determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

Before the court are following motions: four motions: 1) plaintiff's motion in opposition to defendants' notice of removal; 2) plaintiff's motion to amend; 3) defendants' motion to dismiss and/or for summary judgment; and 4) plaintiff's motion to compel.

## II. Analysis

### A. Plaintiff's Motion in Opposition to Defendants' Notice of Removal

In plaintiff's motion in opposition to defendants' notice of removal, he states that he "does not contest the removal of the above captioned action . . . but he does contend that the defendant's [sic] continued act to 'impede access' though its failure to attach full disclosure of the certified copies of all records and proceedings from the State court, proper guidance for future filing's [sic], and a Federal case number." (Doc. No. 5, Pl.'s Mot. in Opp. to Removal, 3). Specifically, plaintiff complains that defendants did not attach the exhibits to his complaint to their notice of removal and failed to provide the discovery requests that he filed in state court. *Id.* at 2-3.

Defendants concede that they did not file the complaint exhibits with their notice of removal but they did attach the exhibits to their response to plaintiff's motion to cure the defect. (Doc. No. 10, Def.'s Resp. to Pl's Mot. in Opp. to Removal, 1). Defendants also argue that they were not required to provide the discovery requests because the requests are not pleadings. *Id.*

Plaintiff's motion, based on his own assertion, does not challenge defendants' right to remove this action to this court. Rather, plaintiff's objection to the notice of removal is that

5

defendants failed to comply with 28 U.S.C. § 1446(a) because they did not attach all of the pleadings to the notice of removal. Because defendants cured their error by filing the documents as exhibits to their response to plaintiff's motion, and defendants were not required to provide the discovery requests plaintiff filed, as those documents are not pleadings, the court concludes that the notice of removal is now complete. Plaintiff's motion should be denied.

**B. Defendants' Motion to Dismiss and/or for Summary Judgment**

Defendants have brought a hybrid motion to dismiss and/or for summary judgment. Even though discovery has not been completed, this court will consider defendants' motion a motion for summary judgment because defendants rely on documents and evidence outside of the complaint and the public record. The applicable standard of review, therefore, is as follows:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

Defendants first argue that plaintiff's constitutional claims must be dismissed because defendants were not acting under the color of state law, which is required to proceed with a 42 U.S.C. § 1983 claim. (Doc. No. 17, Defs.' MSJ 8). Defendants contend that their representation of plaintiff did not involve state action and, in any event, LeRoy and Tobin's conduct did not violate a federally protected right. *Id.* at 10.

Plaintiff responds that defendants acted under the color of state law by acting in concert with state officials to deprive him of his constitutional rights by virtue of operating under the authority

of the State of Michigan Rules of Professional Conduct. (Doc. No. 18, Pl.'s MSJ Resp. 11-13).

To state a cause of action under 42 U.S.C. § 1983, the claimant must allege the "deprivation of rights secured by the United States Constitution or a federal statue by a person who is acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003). Whether state action is present in a case involving private parties depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff's constitutional claims should be dismissed because he has not pled any facts or produced any evidence that defendants, as plaintiff's *pro bono* court-appointed attorneys in a civil rights lawsuit, were acting under the color of state law. Defendants are a private law and private practice attorneys; they do not work for the government, nor is there any evidence that they acted in concert with government officials such that they could be considered to have acted under the color of state law. Court-appointed attorneys or public defenders acting as counsel to a criminal defendant do not "act under color of state law" and, therefore, are not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). Accordingly, defendants are entitled to judgment as a matter of law on plaintiff's 42 U.S.C. § 1983 claims.

Defendants next argue that they are entitled to judgment as a matter of law on plaintiff's legal malpractice claim because plaintiff's allegations of breaches of duty are factually incorrect. (Doc. No. 17, Defs.' MSJ 13-14). His attorneys did not fail to move for the admission of Mathieu's response to plaintiff's written deposition question. *Id.* at 14. Also, LeRoy and Tobin did not fail to examine the evidence produced by defense counsel or fail to seek a spoilation of evidence sanction. *Id.* at 14. Further, defendants argue that they properly examined Regina Bynum's

deposition transcript and filed an emergency motion to compel based on her testimony. *Id.* at 14-15. Lastly, defendants argue that they were aware of the "wandering jurist" and raised the issue in their motion for a new trial. *Id.* at 15.

Plaintiff responds with inappositive arguments and wild accusations that defendants conspired with others to sabotage his trial. (Doc. No. 18, Pl.'s MSJ Resp. 12-15).

To the extent that plaintiff pled a claim for legal malpractice, this court finds that plaintiff has not alleged sufficient facts to sustain a legal malpractice claim as a matter of law. In addition to plaintiff's factual assertions being contradicted by the record in the underlying case, plaintiff also has not made sufficient allegations such that the elements of legal malpractice could be met in this case. An action for legal malpractice is comprised of the following elements: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Manzo v. Petrella & Petrella & Assoc, PC*, 261 Mich. App 705, 712 (2004). With respect to claims of negligent acts, moreover, "mere errors in judgment by a lawyer are generally not grounds for a malpractice action where the attorney acts in good faith and exercises reasonable care, skill, and diligence." *Simko v. Blake*, 448 Mich. 648, 658 (1995).

Upon review of the record, the court concludes that defendants litigated this case competently, in good faith, and exercised reasonable care, skill, and diligence. The trial transcripts, defendants' written communication to plaintiff, the depositions of witnesses, the discovery motion practice, and the motion for a new trial show that defendants vigorously litigated plaintiff's case. (Doc. No. 17, Defs.' MSJ Ex. 2-8). The fact that plaintiff disagrees with the manner in which this case was conducted is not grounds for a legal malpractice claim. Accordingly, defendants are

entitled to summary judgment on plaintiff's legal malpractice claim.

### C. Plaintiff's Motions to Amend and Compel

Plaintiff moves to amend his complaint to add Mara D'Agostini, a Brooks Kushman, PC paralegal, as a defendant. (Doc. No. 6, Pl.'s Mot. to Amend 3). Plaintiff asserts that D'Agostini's declaration that she saw a juror walk into the courtroom, while the court was recess, and speak to a woman sitting in the gallery is a basis for adding her as a party to this lawsuit. *Id.* Plaintiff takes issue with the fact that D'Agostini did not report what she saw to LeRoy and Tobin until the trial concluded, and plaintiff argues that her inaction contributed to the constitutional violations he suffered. *Id.* at 2.

Because plaintiff asserts the same claims against D'Agostini as he did against Brooks Kushman, LeRoy and Tobin, the court recommends that plaintiff's motion to amend be denied as moot. The claims against the present party defendants should be dismissed as a matter of law and, therefore, granting plaintiff's motion to amend and adding D'Agostini as a party would be fruitless.

Similarly, plaintiff's motion to compel should be denied as moot. This lawsuit should be dismissed in its entirety, thereby mooting plaintiff's request for discovery.

## III. Conclusion

For the reasons discussed above, the court recommends **DENYING** plaintiff's motion in opposition to defendants' notice of removal, plaintiff's motion to amend, and plaintiff's motion to compel and **GRANTING** defendants' motion to dismiss and/or for summary judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: May 10, 2010

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 10, 2010.

s/J. Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan