UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,

v.

BROOKS KUSHMAN, PC,
JOHN LEROY, AND BRIAN TOBIN,

    Defendants.
                                 /

Case No. 09-cv-14825

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION** (docket no. 25), **GRANTING
DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR
SUMMARY JUDGMENT** (docket no. 17) **AND RESOLVING ALL OTHER MOTIONS**

This action arises out of Defendants' pro bono representation of Plaintiff in his civil action against a corrections officer. A jury returned a verdict against Plaintiff and the matter is now on appeal. Plaintiff subsequently sued his counsel and their law firm in state court, and the action was removed on the basis of federal question jurisdiction and supplemental jurisdiction. Defendants have filed a motion to dismiss and/or motion for summary judgment. The matter was referred for all pretrial proceedings to a magistrate judge, who recommends that Defendants' motion be granted and the complaint dismissed with prejudice. The Court agrees and grants Defendants' motion.

**STANDARD OF REVIEW**

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. The Court need not undertake any review at all with respect to portions of a report no party objects to. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. See Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Id. Objections merely disputing the correctness of the magistrate judge's recommended outcome but failing to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. Id.

## FACTS AND PROCEDURAL HISTORY

The following facts and procedural history were accurately set forth in the report and recommendation.

> On October 4, 2002, plaintiff filed a pro se civil rights complaint against correctional officer Robert Vieta and Warden Henry N. Grayson,[1] alleging that Vieta assaulted plaintiff by closing a steel door on him resulting in injuries to his arm and lower back. Plaintiff further alleged that Vieta wrote him a "bogus major misconduct ticket" in retaliation for plaintiff filing administrative grievances against Vieta.
>
> > FN.1: The district court dismissed Grayson as a party-defendant on May 2, 2003, based on plaintiff's statement that he had not intended to sue Grayson.
>
> On November 4, 2004, the district court adopted Magistrate Judge Pepe's report and recommendation dismissing plaintiff's complaint on the grounds that plaintiff had not stated a claim upon which relief could be granted because plaintiff had not presented evidence that he suffered a serious injury as a result of Vieta's actions and plaintiff had not shown that his misconduct tickets were linked to his complaints about Vieta's conduct. The Sixth Circuit reversed and remanded the case on April 4, 2006, for further proceedings.
>
> After conducting discovery, the parties filed cross-motions for summary judgment, both of which Magistrate Judge Pepe recommended be denied on

2

October 31, 2006. Magistrate Judge Pepe also granted plaintiff's motion for counsel on December 6, 2006, while the parties objections to the report and recommendation were pending; John LeRoy and Brian S. Tobin, of Brooks Kushman, were later appointed as plaintiff's counsel. On February 7, 2007, the district court adopted the report and recommendation denying the parties' motions for summary judgment.

The trial was set for January 20, 2009, before the Honorable Stephen J. Murphy, III.

Two months prior to trial, plaintiff's counsel filed an emergency motion to compel, which sought the production of the unit log books and manning sheets to be used to confirm Vieta's whereabouts on the day in question. The relevant unit log books and manning sheets were destroyed pursuant to the Michigan Department of Corrections' document destruction policy. Therefore, Magistrate Judge Pepe ordered Vieta to "inquire, identify and contact" the litigation coordinator employed by the prison at the time the lawsuit commended to find out whether a litigation hold was ever placed on the documents and if the documents were destroyed in violation of the hold. According to the litigation coordinator, no litigation hold was ever placed on the documents and the documents were destroyed in the normal course of business. Plaintiff, thereafter, moved for a spoilation jury instruction, and Judge Murphy granted his motion during a pretrial conference.

The jury trial commenced on January 20, 2010, and lasted two days. The jury returned a verdict in favor of Vieta. On February 19, 2009, plaintiff, still represented by defendants, filed a motion for a new trial. Plaintiff advanced five different arguments for a new trial: 1) Vieta's attorney improperly asked plaintiff if he had a drug problem before prison; 2) the exclusion of one of two statements from eyewitness James Mathieu; 3) a juror allegedly communicated with her mother about the case during trial; 4) the inadvertent admission of a medical record that was not plaintiff's; 5) the verdict was not supported by the great weight of the evidence.

Before Judge Murphy issued an opinion on plaintiff's motion for a new trial, plaintiff asked to be assigned new counsel. In his motion for new counsel, plaintiff accused LeRoy and Tobin of being ineffective, incompetent, argumentative, and causing delay. Judge Murphy did not rule on plaintiff's motion for new counsel before he issued his opinion and order on plaintiff's motion for a new trial.

On July 29, 2009, Judge Murphy issued an opinion and order denying plaintiff's motion for a new trial. *Hardy v. Vieta*, 2009 WL 2365555, No. 02-40255 (E.D. Mich. July 29, 2009). Judge Murphy concluded that Vieta's counsel's question regarding plaintiff's prior drug use was not prejudicial because plaintiff's counsel objected immediately after the question was asked and the objection was sustained. *Id.* at *1. The court also instructed the jury that the lawyers questions and statements were not evidence. *Id.* at *1. Judge

Murphy also found that the exclusion of Mathieu's response to written questions served on him by plaintiff in a different lawsuit was proper because the deposition was not taken in compliance with the law and Vieta did not have the opportunity to cross-examine Mathieu on the questions posed by plaintiff. *Id.* at *2. Further, Judge Murphy refused to grant plaintiff a new trial on the ground that a juror spoke to her mother about the case because there was no evidence that the juror actually talked to her mother about the case. *Id.* at *2. Judge Murphy also did not find merit in plaintiff's position that the mistaken admission of another prisoner's medical records had unduly prejudiced plaintiff because plaintiff's counsel identified the mistake and took effort to insure that the jury was not misinformed. *Id.* at *3. Lastly, Judge Murphy concluded that the jury verdict was not against the great weight of the evidence. *Id.* at *4.

Plaintiff has appealed Judge Murphy's order denying him a new trial to the Sixth Circuit Court of Appeals, where his appeal is still pending.

On October 5, 2009, plaintiff filed the instant complaint in Oakland County Circuit Court. (Doc. No. 1, Ex. A, Compl.). Defendants were served on November 17, 2009, and subsequently removed the case to this court. (Doc. No. 1, Notice of Removal). On January 5, 2010, Judge Murphy referred the case to this court for all pretrial proceedings, including a determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

Before the court are following motions: four motions: 1) plaintiff's motion in opposition to defendants' notice of removal; 2) plaintiff's motion to amend; 3) defendants' motion to dismiss and/or for summary judgment; and 4) plaintiff's motion to compel.[1]

Report and Recommendation, at 2-4.

## DISCUSSION

Hardy has filed two sets of objections. The objections do not challenge the portions of the report discussing Plaintiff's motion in opposition to removal and Plaintiff's motion to compel, so the Court need conduct no review of the record as it pertains to these motions. Employing a generous reading of the remainder of Plaintiff's objections, Plaintiff's objections are specific enough to trigger de novo review of the report's recommendation

---

[1] Also before the Court, but not addressed in the report and recommendation, is Plaintiff's request for recusal of the undersigned. This motion is addressed below.

4

on Plaintiff's motion to amend and Defendants' motion to dismiss and/or motion for summary judgment. Accordingly, the Court discusses these motions below.

I. Motion for Leave to file Amended Complaint

Plaintiff filed a motion for leave to file an amended complaint seeking to add as a co-defendant, Mara D'Agostini, a paralegal with Brooks Kushman, P.C. Plaintiff claims that D'Agostini's declaration that she saw a juror walk into the courtroom, while the Court was in recess, and speak to a woman sitting in the gallery, is a basis for adding her as a defendant. Plaintiff takes issue with the fact that D'Agostini did not report what she saw to LeRoy and Tobin until the trial concluded. Plaintiff argues that D'Agostini's inaction contributed to the constitutional violations at issue in this case.

Rule 15(a) governs amendments to pleadings. Under the current version rule, effective December 1, 2009, amendments to pleadings are permitted as of right when filed within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Defendants filed their answer on December 21, 2009. Applying Rule 15(a)(1)(A), therefore, Plaintiff was entitled to file an amended complaint – without first seeking leave – until January 11, 2010, or 21 days after the answer was served. Plaintiff's motion was filed before that time, on January 5, 2010. Had Plaintiff simply filed an amended complaint, instead of his motion, he could have added D'Agostini as a matter of right.[2] But he did not. Plaintiff's motion is denied as moot because leave of court was not required at the time he filed the motion.

Even if leave were required, however, the Court would not grant it. A district court should deny leave to amend when the proposed amendment would be futile. *See Foman*

---

[2] Defendants opposed the motion on the apparent belief that leave of court was required.

*v. Davis*, 371 U.S. 178, 182 (1962); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). A proposed amendment is futile if it could not withstand a motion to dismiss under Rule 12(b)(6). *See Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Plaintiff's proposed amendment is futile. Plaintiff seeks to sue D'Agostini under § 1983. But, D'Agostini's conduct cannot constitute state action, a requirement of § 1983. For the same reasons Defendants are not state actors (discussed below), D'Agostini is not a state actor. Insofar as Plaintiff wishes to assert a legal malpractice claim against D'Agostini, the also claim fails. Plaintiff has not identified in his motion the existence of a legal duty, or breach of any duty, by D'Agostini. *See Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 463 (2004) ("It is well-established that a prima facie case of negligence requires a plaintiff to prove four elements: duty, breach of that duty, causation, and damages. The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." (citation omitted)).

Were leave required to amend the complaint, which it was not, leave would not be granted. The proposed amendment is futile. Plaintiff's motion is denied.

II. Motion to Dismiss and/or Motion for Summary Judgment

Defendants move to dismiss the claims[3] against them pursuant to Rule 12(b)(6), or alternatively, and to the extent it relies on materials outside of the pleadings and attachments thereto, for summary judgment under Rule 56 (c). The magistrate judge rightly recognizes that respect to the constitutional claims, Defendants rely on the lack of

---

[3] Plaintiff made express only his § 1983 claim. Defendants move for summary judgment on this claim. Defendants also assume that Plaintiff had attempted to assert a state law legal malpractice claim and seek summary judgment on this claim as well. The magistrate judge also read the complaint expansively and addressed the state law claim in the report and recommendation.

well-pleaded allegations in the complaint, so the motion may be treated as one to dismiss. With respect to the legal malpractice claim, however, the Defendants rely on documents outside the pleadings, so the motion is properly considered one for summary judgment.

    A.  <u>Constitutional Claim</u>

The magistrate judge concludes that Plaintiff's § 1983 claim should be dismissed with prejudice. Defendants argue, and the magistrate judge agrees, that Plaintiff's claim suffered from the absence of any state action on the part of Defendants, an essential element of a claim under § 1983.

"To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish 'that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right.'" *Sperle v. Mich. Dept. of Corrs.*, 297 F.3d 483, 490 (6th Cir. 2002) (quoting *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001)). Whether there is sufficient state action in a case involving private parties depends on whether the conduct at issue can be "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff fails to establish the second element, that Defendants were acting under color of state law when they represented him.

The Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312 (1981) is instructive on the issue. There, the Court held that a public defender, though employed by the county, does not act "under color of" state law when performing traditional functions as counsel to a criminal defendant. As such, the lawyer cannot be liable under § 1983. The Court stated, "[i]t is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id.* at 318. The Court found this to be true "even of cases in which a private attorney has been

assigned to represent an indigent defendant." *Id.* n.7. Although *Polk County* involved public defenders, the holding applies here, and with more force. For if a public defender, who is paid by the state, cannot be considered a state actor, it must also be true that a pro bono counsel who offers to represent an indigent party without pay also cannot be a state actor for purposes of § 1983. To conclude otherwise would be illogical.

Plaintiff concedes that *Polk County* generally would apply to appointed counsel in civil case, but contends that the Court should instead follow the U.S. Supreme Court's decision in *Tower v. Glover*, 457 U.S. 914, where the Court held that public defenders may be liable under § 1983 if they conspire with state officials to deprive their own clients of federal rights. *Id.* at 923; *see also Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (an otherwise private person acts "under color of" state law when he conspires with state officials to deprive another of federal rights).

The problem, however, is that Plaintiff has not adequately pleaded a conspiracy among Defendants and any state official. Claims of conspiracy must be pleaded with specificity. "[V]ague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). The complaint must contain specific facts from which a conspiracy could be established. *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Specifically, the plaintiff must allege facts showing a single plan exists, that the alleged conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996). Plaintiff makes only conclusory allegations of a conspiracy, which are insufficient to plead a conspiracy.

Plaintiff's § 1983 claim will be dismissed with prejudice.

B.  State Law Claim

  1. Jurisdiction

It appears that Plaintiff also asserts a legal malpractice claim against Defendants.[4] While the Court would possess supplemental jurisdiction over this claim by virtue of 28 U.S.C. § 1367(a) since the claim shares a common nucleus of operate fact with the federal claim, it could dismiss the claim in its discretion. 28 U.S.C. § 1367(c). Generally, the dismissal of all federal claims justifies dismissal of any pendent state law claims. *See, e.g.*, *Brown v. Cassens Transport Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007)*; Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). There is however, no mandatory rule. *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1991) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Residual jurisdiction should be exercised in cases where "'the interests of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'" *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

The Court concludes here that interests of judicial economy and finality outweigh and any concern over needlessly deciding state law issues. The state law claim involves straight-forward issues of negligence law, which do not require the expertise of the state courts. The issues are not novel or complex. This action has been pending for nearly a year, and extensively briefed motion for summary judgment on the malpractice claim is ripe for decision. Plaintiff also wants the Court to decide the issue. Given the large weakness

---

[4] Although he does not include expressly include the state law claim in his compliant, he does not object to Defendants' expansive reading of the complaint to include the claim, and he vigorously defends the claims in his objections to the report and recommendation. Therefore, it appears that Plaintiff intended to assert a claim for legal malpractice.

in Plaintiff's claim for malpractice (discussed below), it would waste resources to dismiss the state law claims for lack of jurisdiction only to permit the Plaintiff to get a second crack in a new action filed in state court. To burden the state courts and Defendants with yet another meritless action would not serve justice. The Court exercises its discretion here and retains jurisdiction to decide Defendants' motion on the state law claims.

2. Merits of Malpractice Claim

Plaintiff alleges many instances of alleged misconduct by Defendants throughout their representation of him. Defendants assert in response that each instance is factually unfounded such that even assuming such instances could establish malpractice, no jury could find that the instances actually occurred; each instance is contradicted by the record. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Defendants contend that Plaintiff's allegations are flatly contradicted by the record, as demonstrated in Defendants' brief supporting its motion. Defs.' Br. at 14-15. The magistrate judge agreed, and so does this Court.

III. Motion for Recusal

Finally, Plaintiff has also filed a "Request for Recusal," in which he asks that the matter be reassigned to another judge. He makes two arguments. First he asserts that this case was improperly reassigned from Judge Nancy Edmunds to the undersigned. The matter was reassigned as a companion case pursuant to this District's Local Rules because it was believed that the case was sufficiently related to Plaintiff's earlier civil rights case action. *See* E.D. Mich. LR 83.11(b)(7). Reassignment was entirely proper.

Plaintiff next asks the undersigned to recuse himself, and reassign the case to another judge, because of the undersigned's actual bias toward LeRoy and Tobin and an appearance of impropriety.  *See* 28 U.S.C. § 455(a) & (b)(1).  The basis of Plaintiff's argument is that the undersigned, at the close of the proofs in the underlying lawsuit, offered personal opinions regarding the quality of the representation provided by Defendants.  Specifically, after the jury retired to deliberate, the undersigned stated:

> I want to say that you lawyers, all three of you, did a very fine job, and I congratulate you on the job you did.  I want to -- and Kevin [counsel for Vieta], you know I have a lot of respect for you so what I'm about to say has no bearing on my views for you or the state.  I want to give personal thanks to Brooks Kushman and to your lawyers and your team here today.  We do not often find ourselves in the position of having people without resources and money represented by private counsel and on behalf of my court, I thank you for taking the appointment and doing a very credible job here today.  Now I don't know who is going to win or lose the lawsuit, but I do want you to know that all of you can be proud of the effort you put in here today and I thank you and congratulate you.

Trial Tr. Vol. II, at 299.

Under § 455(a), a judge must recuse himself where his impartiality might reasonably be questioned.  The question is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).  Because a judge is presumed impartial, a party seeking recusal bears a the heavy burden of proving otherwise.  *See Scenic Holding, LLC v. New Bd. of Trustees*, 506 F.3d 656, 662 (8th Cir. 2007).

Under § 455(b)(1), a judge must recuse himself where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts.  The standard is an objective one and asks whether a reasonable person would be convinced the judge was biased.  *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000)

(citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)). The moving party has the burden on proving bias or prejudice by compelling evidence. *Id.*

In *Liteky v. United States*, the Supreme Court stated the following:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. 540, 555 (1994) (emphasis in original).

There is no basis for recusal of the undersigned based on the opinions expressed at trial. No reasonable person could conclude that the undersigned harbors a bias toward LeRoy and Tobin, or that the undersigned's impartiality is in question. The statements do not indicate a "deep-seated favoritism" toward LeRoy and Tobin such that rendering a fair judgment in this case is impossible. The Court's ruling in this case is based only its review of the briefs and the record, nothing more. Statements of gratitude were given to counsel for *both* sides after trial in a perfunctory manner, as is common for judges in this District to do upon completion of a trial. Trials are hard work, and counsel should be recognized for a job well done when appropriate, especially when they are not being paid for their work. There is no basis for recusal. Plaintiff's request is denied.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation (docket no. 25) is **ACCEPTED** and its analysis, as modified by this opinion, is **ADOPTED** as the opinion of the Court. Plaintiff's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss and/or motion for summary judgment (docket no. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's request for recusal (docket no. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend (docket no. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel responses to interrogatories (docket no. 19) is **DENIED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager